NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-CV-241-KKC

ANTHONY WASHINGTON                                                                                    PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

EDWARD F. REILLY, JR., ET AL.                                                                    RESPONDENTS

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court for resolution on the parties' several motions and for consideration of the merits of the instant *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. The petition will be denied.

BACKGROUND

In his petition filed August 3, 2005, Anthony Washington claims that the U.S. Parole Commission [hereinafter "the Commission"] has violated §235(b)(3) of the Sentencing Reform Act of 1984 [hereinafter "SRA"} and his Fifth Amendment rights because it has not timely set a release date for him, as is required before the Commission ceases to exist on October 31, 2005. Upon screening the petition, the Court construed and summarized the factual allegations and legal claims as follows:

> Early in 1988, in the Superior Court of the District of Columbia, a jury convicted the petitioner of an October 1, 1986 murder, and on April 22, 1988, he was sentenced to fifteen years to life. On August 5, 1998, the United State Parole Commission took over parole matters for District of Columbia offenders. *See* National Capital Revitalization and Self-Government Improvement Act, Pub.L. No. 105-33, §11231(a)(1), 111 Stat. 712, 745.
>
> Meanwhile, Congress had passed the Sentencing Reform Act of 1984 ("SRA"), which provided for the abolition of the Commission in favor of a new, now

current scheme, which involves the United States Sentencing Guidelines and post-incarceration court supervision. The SRA became effective November 1, 1987 and was to be applied prospectively. Additionally, the SRA provided for a transition period which would continue the Commission's authority to oversee the parole process for offenses committed prior to November 1, 1987. As to the old-regime prisoners, the legislation provided as follows:

> The United States Parole Commission shall set a release date, for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date of this Act, that is within the range that applies to the prisoner under the applicable parole guideline. A release date set pursuant to this paragraph shall be set early enough to permit consideration of an appeal of the release date, in accordance with Parole Commission procedures, before the expiration of five years following the effective date of this Act.

Pub.L. No. 98-473, Section 235(b)(3), 98 Stat. 2032 (1984). The continuation of the Commission has been extended past the original five year period repeatedly, and the Commission is now set to expire eighteen (18) years after the effective date, *i.e.*, on November 1, 2005. See Pub.L. No. 107-273, §11017, 116 Stat. 1758, 1824-25 (2002).

Therefore, according to the petitioner, prisoners like himself, whose crimes were under the old law and who expect to still be prisoners on October 31, 2005, are entitled to have a release date set by the Commission. Moreover, not only must the date be set prior to November 1, 2005, which is quickly approaching, it must also be set sufficiently prior to that date so that a prisoner may pursue an appeal of the assigned date. . . .

. . . Because the Commission has refused to set a release date for him and he has missed an opportunity to appeal it, his due process rights have [purportedly] been violated. The petitioner cites case law which purportedly supports this proposition, including *Romano v. Luther*, 816 F.2d 832 (2nd Cir. 1987).

Record No. 9. The Court directed service of the petition for a response.

When a response was not forthcoming 60 days later, the petitioner filed a motion for default judgment the Respondent requested leave to file a response out of time. [Record No. 19]. Along with the motion to extend time, the Respondent filed his reply and objection to the motion for default. [Record No. 18]. The petitioner has now resolved. [Record Nos. 21-23] as he has also filed a new

2

motion for appointment of counsel [Record No. 24].

MOTIONS FOR DEFAULT AND PERMISSION TO FILE A RESPONSE OUT OF TIME

With regard to the timeliness of the filing of the response, the plaintiff has recited the pertinent dates, pointed to his purported clear entitlement to habeas relief on the merits under the statute and the *Romano* decision, and argued that he is, accordingly, entitled to judgment by default under Federal Rule of Civil Procedure 55.

The respondent, by Assistant United States Attorney, admits that he did not file a timely response. He explains that he had docketed the response as being due 60 days after his receipt of the petition on November 17, 2005, on January 16, 2006, but he failed to notice that the United States Attorney General had been served earlier, on October 28th, thus making the response due earlier. He stresses that the petitioner has not been prejudiced; default is not appropriate against the United States generally; and default is not appropriate herein, given the fact that the petition clearly should be dismissed.

The respondent is correct that the petitioner may not obtain a default judgment against an officer of the United States on the instant record. *See* Fed.R.Civ.P. 55(e). The Court also notes that (1) entry of a default judgment by the court is discretionary under Fed.R.Civ.P. 55(b)(2); (2) default judgments are not favored in the law; and (3) such a sanction is not warranted in the instant case. The delay was not a willful disobedience of the rules; nor was there any prejudice to the petitioner caused by the tardy filing of the response. Courts have a strong preference for deciding cases on the merits. *See Shepard Claims Service, Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986).

Accordingly, the Court will deny the petitioner's motion for a default judgment and grant the

respondent's motion for leave to file a response out of time. The Court now examines the merits of the parties' position on the legality of the petitioner's current detention.

## MERITS OF THE PETITION

The petitioner's claims are meritless. The actions of the Parole Commission in not granting a parole date several months prior to the expiration date of the Commission violates neither the statute upon which the petitioner relies nor the petitioner's due process rights.

As the respondent points out, the SRA provision upon which the petitioner relies does not require that the Commission set a final release date for him, a D.C. offender, prior to the Commission's expiration. This Court has noted in its opinion denying habeas relief in *Ulandis Forte v. Dove*, Pikeville Action No. 04-CV-427-DLB, that the historical background of the legislation for D.C. offenders is instructive. Prior to November 1, 1987, the Parole Commission and Reorganization Act of 1976 (PCRA), 18 U.S.C. §§ 4201-4218 (1982), established federal sentences.

Congress changed much of the PCRA of 1976 when it enacted the Sentencing Reform Act of 1984 (SRA), effective on November 1, 1987. The SRA abolished the Commission and repealed most of the statutes governing sentencing. *Dunne v. Olson*, 67 Fed.Appx. 939, *941, 2003 WL 21018210, **1 (7th Cir. 2003) (unpublished order). On December 7, 1987 (only thirty-six days after the SRA of 1984 became effective), Congress passed the Sentencing Act of 1987 which modified §235(b)(2) of the SRA of 1984[1] in a manner that returned sentencing law to its pre-SRA state for pre-SRA sentenced prisoners. *Dunne v. Olson*, 67 Fed.Appx. 939, *943, 2003 WL 21018210, **1 (7th Cir. 2003) (unpublished order) (citing *Norwood v. Brennan*, 891 F.2d 179, 180-82 (7th Cir.

---

[1] As the respondent notes, Congress also amended §235(b)(3), removing the requirement that the final release date had to be set within the guidelines; it now provides only that the final release date be set "pursuant to section 4206 of title 18, United States Code."

1989)).

The "winding-up" provision, §235, temporarily saved the Commission and the federal parole statutes for five years, until November 1, 1992. Since then, Congress has repeatedly extended the period of time that the Commission and the federal parole statutes are to be "saved." At the time of the filing of the instant petition, the expiration was set to occur November 1, 2005.

However, the petitioner's reliance on the language of §235(b)(3), in any version, is mistaken. Section 11231(c) of the 1997 D.C. Revitalization Act requires the Commission to use D.C. parole laws in making parole release decisions for D.C. offenders, not Section 235(b)(3). Criteria for parole decisions with regard to D.C. offenders is set by the D.C. Code §24-404. Consequently, the petitioner is not entitled to have §235 applied to his situation because he is a D.C. Code offender.

Even if §235 were applicable to the instant petitioner, *i.e.*, even if the petitioner were a U.S. Code offender, he was still not entitled to have a final parole date when he filed this petition because §235 is only applicable in the face of the Commission's imminent demise. *Dunne v. Olson*, 67 Fed.Appx. at *943. The Commission did not expire on October 31, 2005, as the petitioner had anticipated.

Shortly after the petitioner filed this action and paid the district court filing fee, on September 29, 2005, the United States Congress extended the life of the U.S. Parole Commission for another three years. *See* U.S. Parole Commission Extension and Sentencing Commission Authority Act of 2005, P.L. 109-76, Sec. 2. Therefore, to the extent that the Commission had an affirmative obligation to set parole dates for any prisoners under Section 235(b)(3) of the SRA, it now has until October 31, 2008, in which to do so.

Accordingly, even if the petitioner were entitled to have a parole date set prior to November

31, 2008, his petition would be denied as premature. Ironically, this result is consistent with *Romano v. Luther*, upon which the petitioner has relied. The petitioner therein was not a D.C. offender but a prisoner serving a sentence for violating federal law when the expiration date for the Commission was October 31, 1992. He filed a petition in 1986 claiming that the Commission should set release dates under §235(b)(3), in anticipation of the short remainder of its life, but the Second Circuit held that the petitioner was premature in asking for a release date several years in advance of the Commission's expiration date. 816 F.2d at 842.

Moreover, even were the SRA provision to apply herein, there is no violation thereof in not setting a parole date for him

## OTHER PENDING MATTERS

There are two pending motions which the Court has not addressed. The first is occasioned by the petitioner's having written a letter to the Clerk of the Court, which has been construed as a motion for the Court to return a pleading [Record No. 17]. Additionally, after the respondent filed the responsive pleadings herein, the petitioner renewed an earlier motion for appointment of counsel [Record No. 24].

As to the latter motion, shortly after the Court directed service of the initiating documents on the respondent, on November 8, 2005, Washington moved for appointment of counsel, a motion which this Court denied without prejudice. Record No. 16. In the same Order the Court also denied a motion of petitioner to transfer this matter to the District Court for the District of Columbia, as he had not certified service of the motion on the respondent.

In his renewed motion for appointment of counsel, the petitioner contends that he remains

indigent and that the responsive pleadings have revealed "numerous complex" issues, for which he needs legal assistance. He quotes some of the language which the Court used in its denial of the earlier motion, claims that exceptional circumstances now exist, and asks the Court to exercise its discretion to appoint counsel for him.

There is no basis for the Court to exercise its discretion in favor of counsel to assist with a claim which the Court has found meritless. The instant cause of action will be dismissed, not because of some legal niceties with which counsel could have assisted and been effective. To the contrary, regardless of which law is applicable to parole decisions, the dismissal herein is based on the facts, *i.e.*, the life of the Commission was extended so that its expiration is no longer imminent.

Finally, in the letter to the Clerk of this Court, the petitioner clarifies that his earlier motion to transfer [Record No. 14], which the Court had denied, should not have been filed in this case, but in another of his civil cases, *Washington v. U.S. Parole Commission*, Pikeville 06-CV-011-KKC, where he challenged one of the Commission's decisions denying him parole. The Clerk filed the letter in the instant case as a construed motion for return of the documents, presumably so that he might file the pleading in the proper case.

However, to avoid confusion again, the petitioner has already taken a voluntary dismissal of the other case. Additionally, expressing no opinion as to the usefulness of the contents of Record No. 14, if any, the Court will direct that the Clerk return the original document to him.

Accordingly, having considered these matters, the Court **ORDERS** as follows:

(1)     The petitioner's motion for default judgment [Record No. 15] is **DENIED**.

(2)     The petitioner's construed motion for return of Record No. 14 [Record No. 17] is

**GRANTED**, and the Clerk of the Court is directed to copy the entirety of D.E. 14, substitute the copy for the original pleading, and send the original pleading and attachments back to the petitioner.

 (3) The respondent's motion to file a response to the petition [Record No. 19] is **GRANTED.**

 (4) The petitioner's motion for the appointment of counsel [Record No. 24] is **DENIED.**

 (5) The instant petition is **DENIED,** this action is **DISMISSED,** and Judgment shall be entered contemporaneously with this Order in favor of the respondent.

Dated this 10th day of February, 2006.

Signed By:
*Karen K. Caldwell*
United States District Judge

8